UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DONNA EVANS TALLEY, NICHOLAS TALLEY,

                Plaintiffs,

    -against-

SELENE FINANCING, LOAN CARE SERVICING, DIV.
OF FNF,

                Defendants.
----------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
15-CV-5017 (JMA)(AKT)

FILED
CLERK
1/21/2016 11:37 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**JOAN M. AZRACK, District Judge:**

On August 18, 2015, Donna Evans Talley and Nicholas Talley (together "plaintiffs") filed a *pro se* complaint in this Court against Selene Financing and LoanCare Servicing, Division of FNF (together "defendants"). Accompanying the complaint is an application to proceed *in forma pauperis* from each plaintiff. Upon review of the declaration accompanying plaintiffs' applications to proceed *in forma pauperis*, the Court finds that plaintiffs' financial status qualifies them to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiffs' applications to proceed *in forma pauperis* are granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND[1]

Plaintiffs' sparse complaint, submitted on the Court's general complaint form, alleges that this Court's federal question subject matter jurisdiction is invoked. In the space on the complaint form that calls for the identification of the federal Constitutional, statutory or treaty right is at issue, plaintiffs answered "Title Policy-Securization [sic], Recorded Assignments, QWR,

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Promissory Note, Deed of Trust, Fraud, Appraisal, FHA HUD violations, Truth-in-Lending."

(Compl. ¶ II.A-B.)   In its entirety, plaintiffs allege the following in the body of the complaint:[2]

> We obtained an FHA Mortgage with Lend America.   Shortly afterwards, approx. Dec. 2009, Lend America was siezed by the Federal gov't and shut down.   Our mortgage was shipped to LoanCare Servicing in VA.   We, on numerous occasions asked Loan Care who was the Lender.   At one point, they claimed GinnieMae was the Lender, which is a falsehood.   We examined our mortgage documents because of the recent Federal charges against Lend America and found it is not truly a fixed rate but the trust is for adjustable rate.   There appears to be no link between the lender, Lend America or loan servicer(s) with any parties in the said trust.   More recently, the loan was transferred to Selene Financing, who claims they are in possession of the note.   LoanCare and Selene have both attempted foreclosure.

(Compl. ¶ III. C.)   For relief, plaintiffs request that the defendants be ordered to:

> Produce recorded note of Defendants.   Recission of mortgage.   Restructuring of mortgage with reputable company.   Stop Finance Co. without recorded Note from entering property grounds.   Produce mortgage documents.   Stop Foreclosure w/o recorded documentation.

(Compl. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiffs' declarations in support of their applications to proceed *in forma pauperis*, the Court finds that plaintiffs' financial status qualifies them to commence this action without prepayment of the filing fees.   *See* 28 U.S.C. § 1915(a)(1).   Therefore, plaintiffs' requests to proceed *in forma pauperis* are granted.

### B.   Application of 28 U.S.C. § 1915

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires a district court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original.   Errors in spelling, grammar, and punctuation have not been corrected or noted.

2

granted or seeks monetary relief from a defendant who is immune from such relief. District courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

In addition, Federal Rule of Civil Procedure "8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to

3

know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted); *see also Twombly,* 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")

Here, as is readily apparent, plaintiffs have not complied with Rule 8's requirements. Even when liberally construed, plaintiffs' allegations do not support any claim for relief and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (A court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions.") (internal quotation marks and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).

    **C. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord).  Accordingly, plaintiffs are granted leave to file an amended complaint.

**Plaintiffs' complaint is dismissed without prejudice unless plaintiffs file an amended complaint within thirty (30) days of this order alleging a plausible claim against the defendants.**   Plaintiffs are cautioned that the amended complaint shall completely supersede the original complaint and, therefore, all claims against defendants must be included.   Should plaintiffs choose to file an amended complaint, it shall be clearly entitled "Amended Complaint" and bear the docket number of this case, 15-5017.   Any amended complaint will be screened by the Court pursuant to 28 U.S.C. § 1915.   Plaintiffs' failure to file an amended complaint within the time allowed will lead to the dismissal of the complaint without prejudice and judgment shall enter.

### III.   CONCLUSION

For the reasons set forth above, plaintiffs' applications to proceed *in forma pauperis* are granted.   However, **plaintiffs' complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) unless plaintiffs file an amended complaint as set forth above within thirty (30) days from the date of this Order.**   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: January 21, 2016
       Central Islip, New York                                    /s/ (JMA)
                                                          Joan M. Azrack
                                                          United States District Judge