UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONNA EVANS TALLEY, NICHOLAS TALLEY,

                Plaintiffs,

    -against-

SELENE FINANCING, LOAN CARE SERVICING, DIV. OF FNF,

                Defendants.
------------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
15-CV-5017 (JMA)(AKT)

**FILED**
**CLERK**
2/24/2016 12:33 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**JOAN M. AZRACK, United States District Judge:**

      On August 18, 2015, Donna Evans Talley and Nicholas Talley (together "plaintiffs") filed a *pro se* complaint in this Court against Selene Financing and LoanCare Servicing, Division of FNF (together "defendants"). Accompanying the complaint was an application to proceed *in forma pauperis* from each plaintiff. On January 21, 2016, the Court granted plaintiffs' applications to proceed *in forma pauperis*, but dismissed the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs were given an opportunity to file an amended complaint. On February 16, 2016, plaintiffs filed an amended complaint, which seeks, among other things, injunctive relief to "Stop Illegal and Fraudulent Foreclosure." Simultaneous with the filing of the amended complaint, plaintiff filed an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order that seeks to enjoin Loancare from pursuing a foreclosure sale scheduled for March 3, 2016. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court *sua sponte* dismisses the prayer for injunctive relief in plaintiffs' amended complaint. For the same reasons, the Court denies plaintiffs' request for a preliminary injunction and temporary restraining order.

## I. BACKGROUND

Plaintiffs' amended complaint alleges claims against defendants Loan Care Servicing, Div. of FNF ("Loancare") and Selene Finance ("Selene") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 & 2608, the United States Constitution, various provisions of the Uniform Commercial Code, and what appear to be provisions of the Pooling and Servicing Agreement that governs plaintiffs' mortgage.

On September 29, 2014, New York State Supreme Court, Nassau County, entered a final judgment for foreclosure and sale of plaintiffs' residence at 22 E. Lakeland Street, Bay Shore, New York.[1]  This judgement directed the referee to, among other things, sell the property at public auction.  Although the foreclosure judgment was entered in September 2014, it appears that Loancare, the plaintiff in the foreclosure action, did not send plaintiffs a Notice of Entry of Judgment for the September 2014 judgment until February 2, 2016.

## II. DISCUSSION

**A.  Application of 28 U.S.C. § 1915 to the Complaint**

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires a district court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  District courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe

---

[1] A copy of the September 2014 foreclosure judgment is attached to plaintiff's Order to Show Cause.  Also, for purposes of analyzing plaintiff's complaint, the Court can take judicial notice of this judgment.  *See Done v. Wells Fargo Bank, N.A.*, 08-CV-3040, 2009 WL 2959619, at *2 (E.D.N.Y. Sept. 14, 2009) (Bianco, J., adopting report and recommendation of Boyle, M.J.)

them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiffs' prayer for injunctive relief implicates a jurisdictional rule known as the *Rooker-Feldman* doctrine. Under the *Rooker–Feldman* doctrine, a federal district court does not have subject matter jurisdiction "over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005). For the *Rooker-Feldman* doctrine to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 85 (alterations omitted).

The prayer in plaintiffs' amended complaint for injunctive relief to enjoin the foreclosure proceeding is clearly barred by the *Rooker-Feldman* doctrine. *See Graham v. Select Portfolio Servicing, Inc.*, 15-CV-183, 2016 WL 215237, at *3 (S.D.N.Y. Jan. 18, 2016) (finding claims challenging foreclosure judgment, including request for an injunction to restrain auction pursuant to the foreclosure action, were barred by *Rooker-Feldman*); *Salten v. U.S.*, 14-CV-6014 2014 WL 5682804, at *3 (E.D.N.Y. Nov. 3, 2014) (dismissing complaint and motion for preliminary

3

injunction under *Rooker-Feldman* where plaintiff sought to enjoin foreclosure sale and alleged that the foreclosure judgment was procured by fraud). The Court also notes that Section 2605 of RESPA does not provide for such injunctive relief. *See Gray v. C. Mortg. Co.*, 10-483, 2010 WL 1526451, at *3 (N.D. Cal. Apr. 14, 2010). Accordingly, the Court *sua sponte* strikes the amended complaint's prayer for injunctive relief to stop the foreclosure proceedings.

**B.   Plaintiffs' Request for a Temporary Restraining Order and Preliminary Injunction**

For the same reasons that warrant dismissal of plaintiff's prayer for injunctive relief concerning the foreclosure proceedings, the Court denies plaintiffs' request for a temporary restraining order and preliminary injunction.

"A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo*, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (alterations and internal quotation marks omitted)).

Although plaintiffs face losing their home, they are not entitled to a preliminary injunction because they have no possibility of success on the claim for injunctive relief. Among other things, plaintiffs point out that, after the state court granted the September 2014 judgment, Loancare, the plaintiff in the state court action, assigned the mortgage at issue to Selene. To the extent that this argument (or any of the other arguments suggested in plaintiff's papers) have any relevance to the foreclosure judgment, the *Rooker-Feldman* doctrine requires plaintiffs to pursue

their request to stop the foreclosure sale in state court.

### III.  CONCLUSION

For the reasons set forth above, the prayer in plaintiffs' complaint for injunctive relief to stop the foreclosure proceedings and sale is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This order does not address the other claims and relief sought in plaintiff's amended complaint.  The Court will address the remainder of plaintiffs' amended complaint in a subsequent order.

Plaintiffs' requests for a temporary restraining order and preliminary injunction are also denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this order to pro se plaintiffs.

**SO ORDERED.**

Dated: February 24, 2016
      Central Islip, New York                                         /s/ (JMA)
                                                              Joan M. Azrack
                                                              United States District Judge